**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No.**

CARPENTERS LOCAL 140 PENSION FUND; JOE NEWTON, JERRY
RHOADES, MICHAEL FEDUCCIA, and PRESTON TAYLOR, as
Trustees of  CARPENTERS LOCAL 140 PENSION FUND, FLORIDA
CARPENTERS REGIONAL COUNCIL TRAINING TRUST FUND,
successor by merger to WEST COAST CARPENTERS JOINT
APPRENTICESHIP TRAINING FUND and FLORIDA UBC HEALTH
FUND f/k/a FLORIDA MILLWRIGHTS, PILEDRIVERS, & DIVERS
WELFARE FUND, successor by merger to CARPENTERS LOCAL 140
WELFARE FUND and JERRY RHOADES, STEPHEN M. COTHRON,
NORBERT MCLAUGHLIN, CHARLES PADGETT, PRESTON TAYLOR,
ROGER WOONTON, CONRAD VARNUM, WALT MAGUIRE, JOE
NEWTON, JAMES BANKS, ANNMARIE NEMETH and CLAUDE HESS
AS TRUSTEES OF FLORIDA UBC HEALTH FUND  f/k/a FLORIDA
MILLWRIGHTS, PILEDRIVERS, & DIVERS WELFARE FUND,
successor by merger to CARPENTERS LOCAL 140 WELFARE FUND;
and FLORIDA UBC ANNUITY FUND f/k/a FLORIDA MILLWRIGHTS
ANNUITY FUND; and JERRY RHOADES, STEPHEN M. COTHRON,
and PRESTON TAYLOR, as Trustees of FLORIDA UBC ANNUITY
FUND f/k/a FLORIDA MILLWRIGHTS ANNUITY FUND; and
CARPENTERS LOCAL UNION 140 OF THE UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA
                         Plaintiffs,
v.

APOLLO CONSTRUCTION AND ENGINEERING SERVICES, INC., A
Florida Corporation


                  Defendant.
_____/

## COMPLAINT

### GENERAL ALLEGATIONS

        **COME NOW** the Plaintiffs, and file this Complaint against Defendant, and

allege the following:

1.    This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended (29 USC Section 185), hereinafter referred to as the "Act", and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (29 USC Sections 1132 and 1145) hereinafter referred to as "ERISA".

2.    Plaintiffs are as follows:

A.    The named Pension Fund, Training Trust Fund, Health Fund, and Annuity Fund are Employee Benefit Plans (hereinafter Plans) which are multi-employer employee benefit plans within the meaning of ERISA.

B.    The named individuals (hereinafter Trustees) are Trustees and Fiduciaries of the named employee benefit plans.

3.    The Defendant is a corporation organized and existing under the laws of the State of Florida.

4.    The Defendant has its principal place of business in Ruskin, Hillsborough County Florida, within this judicial district.

5.    The Defendant is an employer engaged in commerce within the meaning of the Act.

**COUNT I**

**TRUSTEES AND EMPLOYEE BENEFIT PLANS CLAIM FOR UNPAID CONTRIBUTIONS (CURRENT AND FUTURE), LIQUIDATED DAMAGES, INTEREST AND ATTORNEY'S FEES UNDER ERISA § 502 AND §515**

2

Plaintiffs Plans and Trustees sue Defendant and allege:

6.      Plaintiffs' reallege and adopt by reference the allegations in paragraphs 1 - 5.

7.      The Defendant is obligated to make contributions to the Trustees of the multi-employer Plan(s) under the terms of a collectively bargained agreement.   Pertinent pages of said agreement are attached hereto and made a part hereof and are designated as Plaintiffs' Exhibit "A" .

8.      Said contributions are to be made to Plaintiffs within this judicial district.

9.      The contributions due are for work performed in this judicial district and in other locations.

10.     The Defendant has failed to pay the contributions due in a timely manner.

11.     The Trustees are entitled to an audit of the books and records of the Defendant to determine that appropriate contributions have been made.

12.     The Trustees are entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action.

13.     Plaintiffs are entitled to liquidated damages, both for the

3

contributions currently unpaid and payments due after filing of suit herein, pursuant to the collectively bargained agreement and/or Trust Agreement and/or ERISA.

**WHEREFORE,** Plaintiffs Plans and Trustees pray that this Court grant unto them the following relief:

15.    That the Defendant be ordered to pay a reasonable attorney's fee for the prosecution and maintenance of this action, costs for bringing this action and liquidated damages.

16.    That a Final Judgment for damages be entered in favor of the Plaintiff Plans and Trustees and against the Defendant by reason of the above for:

    A.    Unpaid contributions, both prior to and after filing suit herein.

    B.    Liquidated damages.

    C.    Interest

    D.    Reasonable attorney's fees.

17.    That the Court grant such other relief as it deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint has been furnished to the Secretary of Treasury and the Secretary of Labor in accordance with the Employee Retirement Income Security Act of 1974, by U.S. Mail, Certified Mail/Return Receipt Requested, this 22nd day of November, 2006.

Respectfully submitted,

**W. ERIC VENABLE, P.A.**

By   S/ W.Eric Venable
   W. Eric Venable, Esquire
   Trial Attorney for Plaintiffs
   Florida Bar:  149593
   7402 N. 56th Street, Suite 380
   Tampa, Florida  33617
   (813) 985-7122 - Telephone
   (813) 985-8622 - Facsimile
   wericvenablepa.@tampabay.rr.com

DLIT/Carpenters140\ApolloConstruct\Complaint2006